IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.    CASE NO. 5:00-cr-00029-SPM-AK

LOTTIE SONJA CALHOUN TIBBITS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

By prior order Defendant was allowed to withdraw the motion to vacate filed December 22, 2003.  Doc. 246.  Presently before the Court is another motion to vacate with supporting memorandum, Docs. 253 & 254, which the Eleventh Circuit has deemed not to be second or successive.  *See* Doc. 253, Attach. 2.

One of the first things that the Court must do in assessing the viability of a §2255 motion is to determine whether the motion is timely filed, since the motion had to be filed within one year of the date Defendant's conviction became final.  Thus, the Court directed Defendant to submit evidence of the date that the motion to vacate, Doc. 253, was delivered to prison authorities for mailing.  In response, Defendant advised the Court as follows: "I...did put my 2255 in the mail at Coleman Camp but the mail lady was new and misplace[d] my 2255 for almost a month before she called me in to tell me I need another stamp so it was April 20 before she did put it in the mail for me."  Doc. 260.

Defendant's conviction became final on March 3, 2003, ninety days after her petition for rehearing was denied by the Eleventh Circuit. The time for filing a motion to vacate ran from that date until December 2, 2003, when Defendant placed her motion in the hands of prison officials for mailing. Doc. 172. Thus, a total of 274 days expired before the first § 2255 motion was filed.

The time was tolled from December 3, 2003, until November 9, 2006, when Defendant voluntarily withdrew the first motion to vacate. At the hearing on Defendant's motion to withdraw, the Court explicitly advised her that withdrawing her motion might prohibit her entirely from filing another motion. Doc. 246. At that time, the time began running again on the one-year statute of limitations and ran unabated until February 2, 2007, when Defendant filed a motion for leave to file a second or successive motion with the Eleventh Circuit. *In re Lottie Sonja Calhoun Tibbits*, No. 07-10463 (11th Cir.). By that time, eighty-five additional days had elapsed, for a total of 359 days. On February 20, 2007, the Eleventh Circuit advised Defendant that her proposed motion to vacate was not second or successive, and thus, she did not need permission to seek relief in this Court, and the time for filing the § 2255 motion in this Court began running again. By that time, Defendant had only 6 days left to file the instant motion.

While the Court does not believe that Defendant garners any benefit from the time that was lost due to her own failure to place the proper amount of postage on the envelope mailing Documents 253 and 254 to this Court, assuming that the "misplace[ment]" of the § 2255 motion by the "mail lady" for "almost a month" entitles her to tolling, either statutorily or equitably, the instant motion is untimely filed. To have been timely, Defendant was required to place the motion to vacate in the hands of prison authorities for mailing no later than February 26, 2007.

*Case No: 5:00-cr-00029-SPM-AK*

Thus, even accepting March 20, 2007, as the date Defendant gave the envelope to the "mail lady," the motion to vacate was almost a month out of time by that date.

Accordingly, it is **RECOMMENDED** that the motion to vacate, Document 253, be **DENIED AS UNTIMELY**.

**IN CHAMBERS** in Gainesville, Florida, this  *20ᵗʰ*  day of June, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**